Dear Messrs. Beard and Deshotel:
You have requested on behalf of the Town of Oberlin that we address the following issues related to a Louisiana Housing Finance Agency (LHFA) grant for the rehabilitation of substandard, low income housing:
 A. One town council member's mother resides within the target area established in the grant and she qualifies for assistance. Does the fact that her son serves on the town counsel prohibit her participation in the grant program?
 B. The town regularly retains the services of a consultant for preparing grant applications. May that consultant be employed to administer a LHFA grant program and be paid a fee for such additional work?
 C. Are town employees, such a police officers, prohibited from receiving benefits under the LHFA grant program, or is this prohibition limited to persons who could influence decisions, such as a city clerk?
 D. May the town award by public bid a contract to cover administration and contracting of the LHFA grant?
Unfortunately, this office is not in a position to provide meaningful advice to you on many of these issues. The first three issues which you raise may turn upon interpretation of the provisions of your grant agreement or, alternatively, would be covered by the Code of Ethics for Public Officials. For interpretation of your grant agreement, it would be most efficient to turn to the legal counsel with LHFA for interpretation of their standard contract provisions since LHFA would not be bound by our interpretation of their contracts. This office is not authorized to issue opinions regarding the Code of Ethics. Such inquiries should be addressed to the Ethics Administration at 8401 United Plaza Boulevard, Suite 200, Baton Rouge, LA 70809.
Your fourth question regarding contracting for administration and contracting under the LHFA grant also requires review and interpretation of your grant agreement. If such contracted administration is not prohibited by the grant contract, then the town may do so. Such a contract may be awarded pursuant to a public bid process or it may be negotiated with a qualified individual since contracts for services are not required to be let by public bid under state law. See La. R.S.38:2212A(1)(a).
I regret that we are not in a position to respond more directly to several of your issues and trust that you will be able to obtain satisfactory responses from the Ethics Administration.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: GLENN R. DUCOTE
Assistant Attorney General
RPI:GRD:jv